UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Wesley WILLIAMS,<br><br>                                Plaintiff,<br><br>v.<br><br>Kathleen ALLISON, et al.,<br><br>                                Defendants. | Case No.: 24-cv-1382-AGS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF 21)** |

The self-represented inmate here is suing under 42 U.S.C. § 1983 for an allegedly ongoing prison sewage saga. The defense moves to dismiss his claims.

**DISCUSSION**

For Willams's complaint to survive a motion to dismiss, it must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). The defense moves to dismiss claims against all defendants, as well as raising specific arguments for dismissal against the supervisory defendants—"Governor Gavin Newsom, [California Department of Corrections and Rehabilitation] Secretary Kathleen Allison, Warden James Hill, Chief Deputy Warden R. Buckel, and Chief Deputy Warden M. Palmer." (ECF 21, at 2.)

**A.    Supervisory Defendants**

The supervisory defendants seek dismissal on two grounds: (1) lack of "specificity" in the "causal link" between them and the alleged violations, and (2) "implausib[ility]." (ECF 21, at 7, 10.) As to the "causal link" argument, the supervisory defendants assert the complaint doesn't include "the requisite level of specificity" to render them accountable. (*Id.* at 7.) But plaintiffs need not allege "that a supervisor was physically present when the injury occurred" to adequately allege a supervisor's section 1983 liability. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). Supervisors may instead be held "individually liable in § 1983 suits when culpable action, or inaction, is directly attributed to them." *Id.* That is, supervisors are liable for "acquiescence in the constitutional deprivation" or "conduct

that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). Plaintiffs need only allege "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Beck*, 885 F.2d 642, 646 (9th Cir. 1989) (cleaned up).

According to the complaint, defendants "Allison, Newsom, Hill, Buckel, and Palmer have been made aware through endless plum[b]ing work orders and plum[b]ing related complaints" that there was a "constant and reoccurring" "overflood of feces, sewage, and urine" causing a "risk of exposure to airborne contaminates like hepatitis, bacterial infection, and covid-19." (ECF 1, at 5.) These supervisory defendants, plaintiff alleges, "each limit" the work done to remedy the "ongoing plum[b]ing deficiencies to patch work to avoid addressing the prison[']s plum[b]ing infrastructure." (*Id.* at 14.) They "allow subordinates to require plaintiff . . . to walk in and through the waste floods, enduring cross contamination and the stink in order to receive meals." (*Id.* at 6.) These allegations undercut the defense's position that "there are no specific factual allegations establishing their knowledge that [p]laintiff was subjected to alleged ongoing unconstitutional conditions of confinement." (*See* ECF 21, at 8.) Williams alleges much more than "general[] aware[ness]," as the defense contends, and thus sufficiently alleges a causal link to the supervisory defendants. (*See id.*)

But the allegations must also be plausible. The complaint's allegations meet this standard as to supervisors Hill, Buckel, and Palmer, but not as to Governor Newsom and Secretary Allison. The prison staff allegedly "alerted" Hill, Buckel, and Palmer "of each emergency waste flood through [the] chain of command," and plaintiff was "told 'the watch commander and warden know[]'" about these problems. (ECF 1, at 7.) But there are no comparatively specific allegations that implicate Newsom or Allison. It seems implausible that California's governor and the head of the state correctional system would be informed about plumbing issues at one of the many state prisons. And Williams alleges no details as to how those two defendants would have otherwise been on notice about those issues. His allegations that they generally "ignored the deficient plum[b]ing system" (*id.*

at 10) are "mere conclusory statements" that are "not entitled to be assumed true," *see Iqbal*, 556 U.S. at 678, 681. So, Williams does not state a cognizable claim against Governor Newsom or Secretary Allison.

**B.    All Defendants**

Finally, the defense asserts that Williams's deliberate-indifference claim fails against every defendant because they sent "plumbers" to "regularly respond[]" to the sewage issues. (ECF 21, at 11–12.) A prison employee is liable for deliberate indifference if that "official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Among other things, Williams must show that: (1) "the risk was obvious or . . . that the prison officials were aware of the substantial risk" to inmate health or safety, and (2) "there was no reasonable justification for exposing the inmates to the risk." *Lemire v. California Dept. of Corr. and Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013). On the other hand, prison staff are not liable "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844.

At this early stage, Williams's complaint adequately alleges that the defendants could readily see that their repeated and woefully unsuccessful responses to the sewage problem were not sufficiently reasonable to shield them from liability. For instance, even the attending plumber admitted that anytime he "fix[es] one flood in one area, it happens somewhere else," resulting, at least once, in an "overflow" that began in the "dining hall" and "rotate[d]" to the "exercise yard" before reaching the "housing units." (ECF 1, at 6–7.) Discovery may bear out—or disprove—the complaint's allegations, but Williams sufficiently states a claim.

**CONCLUSION**

The Court must give this self-represented plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). By that lenient standard, he states cognizable claims against all defendants except for Governor Newsom and Secretary Allison. The motion to dismiss those two defendants is **GRANTED**, but the motion is otherwise **DENIED**.

3

Williams now has two options: (1) he may proceed with his lawsuit against the remaining defendants or (2) he may amend his complaint to correct the deficiencies identified in this order. If he chooses to amend his complaint, he must file it by **April 10, 2026**. The amended complaint must be complete by itself without reference to any previous pleading. If he does not file an amended complaint by that date, this lawsuit will proceed with his claims against supervisory defendants Hill, Buckel, and Palmer, as well as against the two nonsupervisory correctional-officer defendants, Sergeant K. Juarez and Officer C. Beltran.

Dated: March 16, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

4